# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JERON EVANS, | : | CIVIL ACTION |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 19-3839 |
| | : | |
| GEORGE W. HILL | : | |
| CORRECTIONAL FACILITY, | : | |
| Defendant. | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                        **August 27, 2019**

Jeron Evans *pro se* sues the George W. Hill Correctional Facility ("Prison"), challenging conditions of his confinement during his recent incarceration. He moves for leave to proceed *in forma pauperis*. We grant Mr. Evans leave to proceed *in forma pauperis*. But he cannot proceed as yet as he fails to plead a claim against the Prison for civil rights violations. We dismiss his Complaint against the Prison with leave to amend to possibly allege claims against state actors.

**I.**     **Plead facts.**

Mr. Evans' Complaint is sparse. He alleges the events giving rise to his claims occurred at the Prison between August 26, 2018 and March 10, 2019. He alleges an "inhumane living situation."[1] Mr. Evans does not allege more information. He claims back pain and seeks "compensation for pain + suffering."[2] We understand Mr. Evans to be asserting constitutional claims under 42 U.S.C. § 1983 based on the conditions of his confinement. We have no other alleged facts.

**II.**     **Analysis.**

We grant Mr. Evans leave to proceed *in forma pauperis* as he is incapable of paying the fees to commence this civil action. Under 28 U.S.C. § 1915(e)(2)(B)(ii), we must dismiss his

Complaint if he fails to plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[3] Conclusory allegations do not suffice.[4] As Mr. Evans is proceeding *pro se*, we construe his allegations liberally.[5]

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[6] Mr. Evans named the Prison as the only Defendant. His claims against the Prison must be dismissed because the facility "is not a legal entity susceptible to suit."[7] He must sue a person.

Mr. Evans has also not alleged a constitutional claim. He makes one conclusory allegation, *i.e.*, being subjected to what he describes as an inhumane living situation. Mr. Evans does not allege a fact about the conditions or explain why those conditions rise to the level of a constitutional violation.[8] We dismiss his Complaint. But he may be able to plead a claim. We grant him leave to timely amend with facts against a state actor.

## III. Conclusion

We grant Mr. Evans leave to proceed *in forma pauperis* and dismiss his Complaint. We dismiss Mr. Evans' Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim without prejudice to timely filing an amended complaint if he can allege a plausible claim against an appropriate state actor, not the Prison.[9]

---

[1] ECF Doc. No. 2 at 3.

[2] *Id.* at 4.

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[4] *Id.*

[5] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[6] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[7] *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010) (quoting *Ignudo v. McPhearson*, No. 03-5459, 2004 WL 1320896, at *2 (E.D. Pa. June 10, 2004)); *see also Regan v. Upper Darby Twp.*, No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) ("[A] prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws.").

[8] The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *Hubbard v. Taylor (Hubbard I)*, 399 F.3d 150, 166 (3d Cir. 2005). To establish an Eighth Amendment violation based on the conditions of confinement, a prisoner must establish prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). He must also establish the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To establish a basis for a Fourteenth Amendment violation, a prisoner must establish the conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). This inquiry generally turns on whether the conditions have a purpose other than punishment and whether the conditions are excessive in relation to that purpose. *See id.* at 538-39; *Hubbard I*, 399 F.3d at 158. In assessing whether a prisoner's conditions of confinement violate the Eighth or Fourteenth Amendment, a court should consider the totality of the circumstances. *See, e.g., Hubbard v. Taylor (Hubbard II)*, 538 F.3d 229, 235 (3d Cir. 2008); *Nami v. Fauver*, 82 F.3d 63, 67 (3d Cir. 1996); *Union Cty. Jail Inmates v. DiBuono*, 713 F.2d 984, 1000-01 (3d Cir. 1983).

[9] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).